IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3190-FL

| | |
|---|---|
| MYRON RODERICK NUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| N.C. LEGISLATION, FRANK L. ) | |
| PERRY, GEORGE T. SOLOMON, ) | |
| FINESSE COUCH, TODD PINION, ) | |
| ROBERT JONES, BELINDA DUDLEY, ) | |
| RICHARD NEELY, DEAN ) | |
| LOCKLEAR, TIM CURLY, ROBERT ) | |
| WILLIAMS, JAMES HOLMES, ANGIE ) | |
| BENGE, JEFF WILKERSON, MRS. ) | |
| CAMERON, MR. SANDERS, MR. ) | |
| MCCLAIN, DR. MILTON D. ) | |
| WESTBERG, and NURSE NELSON, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion for jail time credits (DE 5), motions to amend (DE 7, 17, 22), motion to appoint counsel (DE 16), motion to consolidate (DE 18), motion for voluntary dismissal (DE 18), motion to withdraw motion to voluntarily dismiss (DE 20), and motion for emergency injunction and for production of documents (DE 21). The issues raised are ripe for adjudication.

A.  Motions to Amend and Motions Regarding Voluntary Dismissal

Plaintiff filed three motions to amend his complaint. Plaintiff subsequently moved to voluntarily dismiss certain claims pursuant to Federal Rule of Civil Procedure 41(a), and then to

reinstate those claims.  The court ALLOWS plaintiff's first motion to amend as a matter of course. See Fed. R. Civ. P. 15(a); Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013).  As explained in more detail below, plaintiff's filings are unclear and the court directs that he particularize his action.  Thus, plaintiff's remaining motions to amend, motion for voluntary dismissal, and motion to withdraw his motion for voluntary dismissal are DENIED as FUTILE.

B.      Motion for a Temporary Restraining Order

The court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[1]  See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served).  Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction.  See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

2

not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

C. Motion to Appoint Counsel

The court now turns to plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

D. Motion to Consolidate

Plaintiff requests that the court consolidate the instant action with another civil rights action that plaintiff previously filed and which is pending in this court, Nunn v. Matthews, No. 14-CT-3150-D (E.D.N.C. filed June 12, 2014). Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the

3

actions." The Fourth Circuit has held that a district court has "broad discretion under F. R. Civ. P. 42(a) to consolidate causes pending in the same district." A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp., 559 F.2d 928, 933 (4th Cir. 1977).

As discussed below, plaintiff's filings in this action are confusing and it is difficult to determine precisely the nature of plaintiff's claims. Accordingly, the court is unable to determine whether plaintiff's two pending actions involve common questions of law and fact. Thus, the court DENIES without prejudice plaintiff's motion to consolidate.

To the extent plaintiff believes that the instant action is similar to the action he filed in Nunn v. Matthews, No. 14-CT-3150-D (E.D.N.C. filed June 12, 2014), he may move to voluntarily dismiss this action without prejudice pursuant to Rule 41(a) to pursue his claims in the previously filed action. In the event plaintiff chooses to voluntarily dismisses this action, the court will vacate its August 19, 2014, order allowing plaintiff to proceed without the prepayment of the filing fee, and plaintiff would be responsible only for the filing fee in Nunn v. Matthews, No. 14-CT-3150-D (E.D.N.C. filed June 12, 2014).

E.   Motion for Jail Credit

Plaintiff requests that the court grant him credit against his current sentence for time he spent serving prior sentences. The United States Supreme Court has held that habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994); Waddell v. Dep't of Corr., 680 F.3d 384, 386 n. 1 (4th Cir.2012) (sentence calculation claim heard under § 2254 without discussion of circuit

4

split as to whether § 2254 or § 2241 is the proper statute for such claim).[2] Prior to seeking relief pursuant to either § 2254 or § 2241, an inmate first must exhaust his state remedies. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also, Austin v. Watts, No. 9:13-216-MGL-BM, 2013 WL 1686304, at *3 (D.S.C. Jan. 29, 2013) ("[W]hile § 2241 establishes jurisdiction in the federal courts to consider habeas corpus petitions, a petitioner must exhaust his state remedies before filing a federal habeas petition, and federal courts should abstain from the exercise of that jurisdiction if the issues raised in a § 2241 petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner in an administrative proceeding, at trial, or on appeal.").

Specifically, "North Carolina permits a state prisoner to challenge the calculation of credits against a prison sentence by filing a Motion for Appropriate Relief, N.C. Gen. Stat. § 15A–1411 et seq., in the superior court where the conviction arose and by appealing any adverse ruling thereon in the state appellate courts." Hatcher v. Keller, No. 1:10CV30, 2010 WL 1568458, at *2 (M.D.N.C. Apr. 16, 2010) (citing State v. Bowden, 193 N.C. App. 597, 597–99, 668 S.E.2d 107 (2008)). The same is true for sentence calculation errors generally. See, e.g., State v. Ellis, 361 N.C. 200, 204-205, 639 S.E.2d 425, 428 (2007) (Motion for Appropriate Relief used to challenge whether North Carolina Department of Correction properly calculated sentences as consecutive). Accordingly, to obtain release from imprisonment, plaintiff must bring his action in the form of a petition for a writ

---

[2] The court notes that circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed when challenging the execution of a state sentence. See Gregory v. Coleman, 218 F. App'x 266, 267 (4th Cir. 2007) (acknowledging the "majority" line of cases requiring state prisoners to always proceed under § 2254 and finding the district court's procedural ruling construing a § 2241 petition as an untimely § 2254 petition "debatable" where the underlying validity of the state court conviction was not at issue).

5

of habeas corpus pursuant to § 2254 or § 2241, after fully exhausting his administrative remedies. Thus, plaintiff's motion for jail credits is DENIED.

F.    Frivolity Review

Plaintiff's complaint and additional filings are unclear and he must particularize his allegations. Specifically, plaintiff must name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendant with the alleged conduct which resulted in the alleged constitutional violation. Moreover, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Further, the court notifies plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims. The court cautions plaintiff to be mindful that 42 U.S.C. § 1997e(a) requires that a prisoner exhaust his administrative remedies for a claim before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Finally, plaintiff may not name other individuals not involved in the claim or make additional allegations concerning other prisons or defendants.

G.    Motion to Compel

Plaintiff seeks a court order directing defendants to produce certain documents. Defendants have not yet been served with the summons and complaint in this action, and likewise have not been served with plaintiff's discovery requests. Accordingly, any discovery request at this point in the proceedings is premature. Thus, plaintiff's motion to compel is DENIED as premature.

In summary, plaintiff must file his particularized complaint as directed above within fourteen (14) days of this court's order. The Clerk of Court is DIRECTED to send plaintiff the form for filing a § 1983 action and for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Failure to respond to this court's order will result in dismissal of this action without prejudice. Plaintiff's motion for jail time credits (DE 5), motion to appoint counsel (DE 16), motion to consolidate[3] (DE 18), and motion for emergency injunction (DE 21) are DENIED. Plaintiff's first motion to amend (DE 7) is GRANTED and his remaining motions to amend (DE 17, 22) are DENIED as futile. Plaintiff's motion for voluntary dismissal (DE 18) and motion to withdraw voluntary dismissal (DE 20) also are DENIED as futile. Finally, plaintiff's motion for production of documents (DE 21) is DENIED as premature.

SO ORDERED, this the 22nd day of December, 2014.

LOUISE W. FLANAGAN
United States District Judge

---

[3] Plaintiff's motion to consolidate is dismissed without prejudice.