IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3190-FL

| | | |
|---|---|---|
| MYRON RODERICK NUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| N.C. LEGISLATION, FRANK L. PERRY, GEORGE T. SOLOMON, FINESSE COUCH, TODD PINION, ROBERT JONES, BELINDA DUDLEY, RICHARD NEELY, DEAN LOCKLEAR, TIM CURLY, ROBERT WILLIAMS, JAMES HOLMES, ANGIE BENGE, JEFF WILKERSON, MRS. CAMERON, MR. SANDERS, MR. MCCLAIN, DR. MILTON D. WESTBERG, NURSE NELSON, DR. LANCE, THE NC UTILIZATION REVIEW BOARD, MR. PRICE, MS. CLARK, COL RESPASS, and RICKY MATTHEWS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed his eighth civil rights action *pro se* pursuant to 42 U.S.C. § 1983 in this district. The matter is before the court in response to its December 22, 2014, order directing plaintiff to particularize his action, and the court's frivolity review of plaintiff's particularized complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the court is plaintiff's motion for injunctive relief (DE 26). Because defendants have not yet been served in this case, they have not responded to plaintiff's motion. In this posture, the issues raised are ripe for adjudication.

A.  Motion for Injunctive Relief

The court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[1] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.[2]

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

[2] As stated in the court's December 22, 2014, order directing plaintiff to particularize his complaint, plaintiff's January 23, 2015, amended complaint is considered the complaint in its entirety. Any factual allegations set forth in plaintiff's January 7, 2015, motion for a preliminary injunction are not considered part of this action.

2

B.  Frivolity Review

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff's pleading is not a model of clarity. Plaintiff appears to raise claims largely involving his medical care at Tyrell Prison Work Farm ("Tyrell"), Pasquotank Correctional Institution ("Pasquotank"), New Hanover Correctional Center ("New Hanover"), Piedmont Correctional Institution ("Piedmont"), Catawba Correctional Institution ("Catawba"), and Southern

Correctional Institution ("Southern").³ The court will address plaintiff's claims arising at these various correctional facilities in turn.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (4th Cir. 2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prove such a claim, a prisoner "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). In cases involving the denial or delay in providing medical treatment to a prisoner, the prison official must know of and disregard an objectively serious condition, medical need, or risk of harm. See, e.g., Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th

---

³ Plaintiff's only discussion of defendants Col Respass ("Respass") and Ricky Matthews ("Matthews") is in the procedural history of his particularized complaint, and plaintiff does not make any allegations against these defendants in the statement of his claims. Plaintiff states in the procedural history of his particularized complaint that Respass and Matthews participated in disciplinary proceedings for a "false charge" which "precluded minimum custody promotion for another year." (Am. Compl. p. 3.) The court notes that in order to recover damages for an allegedly unconstitutional conviction, or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff, proceeding pursuant to § 1983, must prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determinations, or called into question by a Federal Court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Here, plaintiff does not allege that his disciplinary conviction has been invalidated. Thus, he is unable to meet Heck's requirements. Plaintiff, additionally, alleges that his disciplinary conviction precluded him from a custody level promotion. Because plaintiff does not allege that he lost good-time credits, he fails to state a claim pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Accordingly, to the extent plaintiff alleges a claim against Respass or Matthews, it is DISMISSED without prejudice.

Cir. 1986). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-319 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle, 429 U.S. at 105-06.

Beginning with plaintiff's claims arising at Tyrell, plaintiff alleges:

> In December 2013 Dr. Milton D. Westberg prescribed an ace inhibitor that gave rise to a chronic cough and structural lung damage. Also, in 2011 Westberg over medicated plaintiff with Metformin which dropped his sugar and deteriorated his vision. Further, Westberg prescribed insulin injections twice daily and sugar checks three times a week. Staff at Pender Correctional Institution rejected this erroneous order.

(Am. Compl. pp. 3-4)

Although plaintiff asserts that defendant Westberg's efforts in treating plaintiff's medical needs were not effective, the fact that defendant's treatment was not effective does not give rise to a constitutional violation. See e.g., Russell, 528 F.2d at 319; Starling v. United States, 664 F. Supp. 2d 558, 569-70 (D.S.C. 2009); see also, Johnson, 145 F.3d at 167 (finding that negligent acts are not sufficient to establish a constitutional violation). Further, to the extent plaintiff alleges that medical professionals at Pender Correctional Institution disagreed over how best to treat plaintiff, such disagreement does not support a claim of deliberate indifference. See, e.g., United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Finally, plaintiff, notably, does not allege that defendant Westberg actually knew of and disregarded any of plaintiff's medical needs or that Westberg intended to harm plaintiff. Rather, plaintiff appears to allege that defendant Westberg should have chosen another course of treatment, which, at most, constitutes negligence which is not actionable pursuant to § 1983. See Johnson, 145 F.3d at 167. Based upon the

5

foregoing, plaintiff fails to state an Eighth Amendment violation, and these claims are DISMISSED, without prejudice, for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

The court next addresses plaintiff's allegations related to his incarceration at Pasquotank in April 2014. Specifically, plaintiff alleges:

> Nurse Nelson had the physician [] arbitrarily discontinue orders for backboard and extra mattress without performing an actual examination. Also, plaintiff was denied level 3 and work release even though his judgment recommended work release and he met the criteria for work release. Plaintiff was, however, furnished with orthopedic diabetic work boots.

(Am. Compl. p. 5.) Plaintiff was transferred to Piedmont in June 2014. (Id.)

Regarding plaintiff's contention that defendant Nelson was deliberately indifferent to a serious medical need in recommending that orders for plaintiff's backboard and extra mattress be discontinued, plaintiff has alleged nothing more than a disagreement with prison officials over his need for the extra mattress or backboard, and does not allege that he suffered any injury at Pasquotank as a result of being denied these items from April 2014 through June 2014. See Russell, 528 F.2d at 318-319. Moreover, plaintiff's own allegations reflect that the medical staff provided plaintiff medical treatment as plaintiff admits that prison officials at Pasquotank furnished him with orthopedic diabetic work boots. Based upon the foregoing, plaintiff fails to state an Eighth Amendment claim against Nelson, and this claim is DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii).

As for plaintiff's claim regarding his level three custody classification or entitlement to work release, this claim also is meritless. Prisoners have no constitutional right to a particular custody classification or to participate in a work-release program. See Olim v. Wakinekona, 461 U.S. 238, 245-248 (1983) (finding no constitutional right to be housed in a particular institution, at a particular

6

custody level, or in a particular portion or unit of a correctional institution). Kitchen v. Upshaw, 286 F.3d 179, 189 (4th Cir. 2002) ("As we have just explained, there is no merit to the claim that the plaintiff had a Constitutionally protected liberty interest in the work-release program."); Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") (internal quotation and citation omitted); see also, Dukes v. Leak, No. 0:14-cv-3340 DCN PJG, 2014 WL 7338959, at *3 (D.S.C. Dec. 23, 2014) ("[T]he court observes that Plaintiff has no protected liberty interest in his custody or security classification."). Thus, this claim is DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii).

The court now turns to plaintiff's allegations stemming from his stay in New Hanover. Specifically, plaintiff alleges:

> [He] was deprived of backboard by Dean Locklear and James Holmes due to their unit policy. Also, Mrs. Cameron stated that plaintiff had to be within 24 months of his release date to be granted work release and the administration agreed with her. Furthermore, a nurse refused to address plaintiff's chronic cough and suggested that he discontinue his insulin injections which gave rise to a letter to the nurse supervisor warning that Pandora's box will be opened to wit: a civil action if said nurse doesn't correct his conduct. . . . Note: Plaintiff received a letter from Robert Williams stating that Mr. McClain was incorrect when he quoted the 18 month minimum to qualify for work release, that 36 months from release date is the accurate criteria for work release.

(Am. Compl. pp. 6-7.)

Plaintiff again alleges nothing more than a disagreement with his medical treatment in connection with his claim that defendants Locklear and Holmes denied him a backboard and that the nurse refused to address his chronic cough and suggested that he discontinue his insulin injections. See Russell, 528 F.2d at 318-319. Plaintiff further has not alleged any injury arising

7

from the challenged conduct.[4] Additionally, as stated, plaintiff's challenge to his work release status also fails to state a constitutional claim. Kitchen, 286 F.3d at 189. Based upon the foregoing, plaintiff again fails to state a claim, and these claims are DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii).

In addition to the above-stated claims, plaintiff alleged several claims arising at Piedmont, Catawba, and Southern. Piedmont and Southern are located within the Middle District of North Carolina, and Catawba is located within the Western District of North Carolina. See 28 U.S.C. § 113(b). Thus, plaintiff must pursue any claim arising at that these facilities in those districts. See 28 U.S.C. § 1391(b)(2); Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1988). Additionally, plaintiff's attempt to bring a single action against defendants at several different correctional facilities implicates Federal Rule of Civil Procedure 20(a)(2), which states:

> [p]ersons ... may be joined in one action as defendants if;
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not permit a plaintiff to join multiple defendants in a single lawsuit when the plaintiff's claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir.

---

[4] Plaintiff states that Nurse Lovin "informed him that sliding scale insulin was ordered in February, 2014. Therefore, staff at Piedmont, Catawba, Pasquotank, and New Hanover correctional institutions failed to inform him of the sliding scale insulin." (Am. Compl. p. 7.) Plaintiff, however, fails to allege that any defendant knew of and disregarded any risk to plaintiff's health. Plaintiff, additionally, failed to allege any injury arising from these facts. Thus, plaintiff again fails to state a claim.

8

1997); see also, Showalter v. Johnson, Civil Action No. 7:08cv00276, 2009 WL 1321694, at *4–5 (W.D. Va. May 12, 2009) ("By naming forty-nine defendants at multiple locations and institutions and including numerous transactions or occurrences, Showalter's complaint does not comport with Rules 18 and 20 of the Federal Rules of Civil Procedure."). Thus, plaintiff's claims arising at Piedmont, Catawba, and Southern are DISMISSED without prejudice. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

The court now turns to plaintiff's contention that he was "informed by Mr. Sanders that 9 months post release supervision is now a condition of his sentence, which was not in effect at judgment." (Am. Compl. (DE 28), p. 9.) Plaintiff asks whether the State can "arbitrarily retroactively apply [such] stipulations upon him." (Id.) Here, plaintiff appears to contend that his North Carolina State court criminal sentence was modified to include a nine-month term of post-release supervision. Title 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481. Accordingly, plaintiff must bring his action in the form of a petition for a writ of habeas corpus pursuant to § 2254, after fully exhausting his administrative remedies. See 28 U.S.C. § 2254(b); Waddell v. Dep't of Corr., 680 F.3d 384, 386 n. 1 (4th Cir. 2012) (sentence calculation claim heard under § 2254 without discussion of circuit split as to whether § 2254 or § 2241 is the proper statute for such claim). Prior to seeking relief pursuant to either § 2254 or § 2241, an inmate first must exhaust his state remedies. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842

9

(1999); see also, Austin v. Watts, No. 9:13–216–MGL–BM, 2013 WL 1686304, at *3 (D.S.C. Jan. 29, 2013) ("[W]hile § 2241 establishes jurisdiction in the federal courts to consider habeas corpus petitions, a petitioner must exhaust his state remedies before filing a federal habeas petition, and federal courts should abstain from the exercise of that jurisdiction if the issues raised in a § 2241 petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner in an administrative proceeding, at trial, or on appeal."). Alternatively, this claim is DISMISSED for failure to provide insufficient factual support for this claim. See Iqbal, 556 U.S. at 678.

The court next addresses plaintiff's remaining claims which he asserts arose in November and December 2014. The court first looks to the issue of whether plaintiff exhausted his administrative remedies for these claims prior to filing this action on July 23, 2014.

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under

10

the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. A court may dismiss a complaint *sua sponte* for failure to exhaust administrative remedies where the plaintiff's failure to exhaust is apparent from the face of a complaint. Anderson, 407 F.3d at 682 ("Except in the rare case where failure to exhaust is apparent from the face of the complaint ..., a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.").

The North Carolina DOC has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that any inmate in DOC custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the ARP. Id. § .0310(c)(6).

Because the claims at issue arose in November and December 2014, which was subsequent to the date plaintiff filed this action July 23, 2014, it is clearly apparent from plaintiff's filings that he could not possibly have completed, or even begun, the grievance process for these claims prior to filing this action. Even if plaintiff now has exhausted his administrative remedies for these claim,

11

he may not proceed with them in this action because exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Hayes v. Stanley, 204 F. App'x 304, n.1 (4th Cir. 2006) (per curiam); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . ."). Because plaintiff filed this action prior to completing the administrative remedy procedure, he has not properly exhausted these claims and they are DISMISSED without prejudice.

As set forth above, the court has done its best to discern potential claims from plaintiff's unclear filing. To the extent there are any allegations that the court has not addressed, plaintiff has not presented sufficient factual support or clarity with respect to such allegations. Thus, any remaining claims are DISMISSED without prejudice for lack of factual support. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989); Cosner v. Dodt, 526 F. App'x 252, 254 (4th Cir. 2013) ("Had Cosner's complaint been dismissed without prejudice, he would have been able to construct a new complaint with these facts, and perhaps others.").

In summary, plaintiff's motion for injunctive relief (DE 26) is DENIED. Plaintiff's claims are DISMISSED without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 14th day of April, 2015.

*[Signature]*

LOUISE W. FLANAGAN
United States District Judge